**SOUTHERN SURETY CO. v. MOORE et ux.**

No. 7337.

Court of Civil Appeals of Texas. Austin.

April 9, 1930.

Rehearing Denied April 23, 1930.

T. H. McGregor and A. L. Love, both of Austin, for appellant.

King & York, of Austin, and Arthur Wilson, of San Saba, for appellees.

BAUGH, J.

This appeal is from the judgment of the trial court in favor of appellees sustaining the award of the Industrial Accident Board to them for the death of their son. It is a companion case to that of Southern Surety Co. v. Shoemake, affirmed by this court on January 30, 1929. 16 S.W.(2d) 950.

On April 3, 1929, we affirmed the judgment of the trial court in this case. Before we passed upon appellant's motion for rehearing herein, a writ of error was granted by the Supreme Court in the Shoemake Case. We have therefore withheld action on the motion until final disposition of the Shoemake Case by the Supreme Court, because their determination of the Shoemake Case would conclusively dispose of this case also. In the Shoemake Case our judgment was reversed by the Supreme Court on recommendation of the Commission of Appeals, and judgment rendered for the surety company against Shoemake. See Southern Surety Co. v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7.

J. R. Horn & Sons, contractors, carried with appellant company employer's liability insurance under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309, as amended). Sherman Shoemake was hauling gravel for them. The controlling issue in the Shoemake Case was whether Shoemake was an employee of Horn & Sons, and thus protected by their policy, or an independent contractor. The Supreme Court concluded that he was an independent contractor. Willard Lynn Moore, the deceased son of appellees, was employed by and was working for Sherman Shoemake in loading gravel at the time he was killed. It necessarily follows that if Shoemake, his employer, was not protected by said insurance, Moore would not be.

In accordance with the holding of the Supreme Court in the Shoemake Case, appellant's motion for rehearing is granted, our judgment of affirmance heretofore entered is set aside, our former opinion withdrawn, and the judgment of the trial court is reversed, and judgment here rendered for appellant.

Reversed and rendered.